09-3395-ag
Jiang v. Holder

BIA
Mulligan, IJ
A095 459 842

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of July, two thousand ten.

PRESENT:
        GUIDO CALABRESI,
        REENA RAGGI,
        RICHARD C. WESLEY,
                *Circuit Judges*.

_____

MING JIANG,
        *Petitioner*,

        v.                                          09-3395-ag
                                                    NAC
ERIC H. HOLDER, Jr., U.S. ATTORNEY
GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        John Z. Zhang, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Luis E. Perez, Senior
                       Litigation Counsel, John B. Holt,
                       Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Ming Jiang, a native and citizen of the People's Republic of China, seeks review of a July 20, 2009, order of the BIA, affirming the November 1, 2007, decision of Immigration Judge ("IJ") Thomas J. Mulligan, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming Jiang*, No. A095 459 842 (B.I.A. July 20, 2009), *aff'g* No. A095 459 842 (Immig. Ct. N.Y. City Nov. 1, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513-14 (2d Cir. 2009).

Substantial evidence supports the IJ's adverse

credibility determination.[1]  The IJ found that: (1) although Jiang testified at his November 2007 hearing that he only threatened family planning officials with a stick, he stated, both in his amended statement and at his May 2003 hearing, that he hit the officials with a stick; (2) although Jiang testified at his November 2007 hearing that there were more than ten cadres at his sister's house, he stated at his May 2003 hearing that there were only four cadres; and (3) Jiang offered three different dates as to when his wife was forced to have an abortion – January 29, 1999, January 29, 2000, and January 22, 2000.  Although minor and isolated discrepancies may be insufficient to support an adverse credibility finding, *see Diallo v. INS,* 232 F.3d 279, 285-86 (2d Cir. 2000), the multiple discrepancies here were not isolated, and related to events at the heart of Jiang's claim – that he suffered past persecution and feared future persecution based on his "other resistance" to China's family planning policy.  Thus, the IJ reasonably relied on their cumulative effect to call

[1] Because Jiang filed his asylum application before May 11, 2005, the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005 do not apply to his asylum application.  *See* Pub. L. No. 109-13, § 101(h)(2), 119 Stat. 231, 305 (2005).

3

into question Jiang's credibility. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006). Furthermore, the IJ reasonably relied on Jiang's demeanor to find him not credible, noting that he was "visibly nervous" and "very uncomfortable." The IJ also noted that when Jiang was questioned about the incident in which he allegedly threatened or beat family planning officials, "there was a very serious lack of detail in his testimony" and "[i]t took about six or seven attempts at additional questioning . . . to elicit further details." We afford particular deference to such assessments of an applicant's demeanor. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).

Accordingly, substantial evidence supports the agency's adverse credibility determination. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir. 2004), *overruled in part on other on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007). Because the only evidence of a threat to Jiang's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

4

We lack jurisdiction to consider Jiang's unexhausted challenge to the IJ's denial of his request for CAT relief and dismiss the petition for review to the extent that it seeks relief on this basis. *See* 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5